IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BALLARD,<br><br>                              Petitioner,<br><br>     v.<br><br>TOM L. CAREY, Warden,<br><br>                              Respondent. | CV-F-04-6583 WMW HC<br><br>MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 7 ] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Petitioner was convicted in Stanislaus County Superior Court of one count of violating Penal Code Section 288 (b), forcible lewd act upon a child and two counts of violating sections 288(a), lewd act upon a child. The court sentenced Petitioner to serve an indeterminate state prison term of 15 years to life, plus three years consecutive.

Petitioner filed three post-conviction collateral challenges. Petitioner filed a petition for writ of habeas corpus in Stanislaus County Superior Court on March 18, 2002. The court denied the petition on April 23, 2002. Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on January 22, 2004, which the court denied on January 29, 2004.

On May 17, 2004, Petitioner filed a petition for writ of mandate with the California Supreme Court. The court denied the petition on June 9, 2004.

Petitioner filed the present action on November 19, 2004. Respondent has filed a motion to dismiss, which Petitioner opposes.

## DISCUSSION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on November 19, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus

will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

EXHAUSTION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

3

1    U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
2    1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

3        A petitioner can satisfy the exhaustion requirement by providing the highest state court with
4    a full and fair opportunity to consider each claim before presenting it to the federal court. Picard
5    v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th
6    Cir. 1996). A federal court will find that the highest state court was given a full and fair
7    opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
8    factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
9    basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
10   Additionally, the petitioner must have specifically told the state court that he was raising a federal
11   constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d
12   1240, 1241 (9th Cir.1998).

13       In this case, Petitioner's sole filing with the California Supreme Court was a petition for
14   writ of mandate in which he sought only to have the California Supreme Court direct the Court
15   of Appeal to state on the record its reasons for the denial of his petition for writ of habeas corpus.
16   Therefore, none of the claims presented in the present petition have ever been presented to the
17   California Supreme Court. The claims in the present petition are therefore unexhausted.

18       Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The
19   court can also excuse exhaustion if "(i) there is an absence of available state corrective process;
20   or (ii) circumstances exist that render such a process ineffective to protect the rights of the
21   applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In
22   addition, California provides avenues for Petitioner to pursue state claims. For example, these
23   claims could have been presented in a petition for writ of habeas corpus. See, Cal. Penal Code
24   §§ 1473 - 1475. Finally, there are not sufficient circumstances in this case for the court to ignore
25   the United States Supreme Court's admonishment that comity demands exhaustion and find that
26   California's corrective processes are ineffective to protect Petitioner's rights.

27

28

1    The petition for writ of habeas corpus currently before this court contains only unexhausted

2    claims. Therefore, the court agrees with Respondent that it must dismiss the petition. See,

3    Jiminez v. Rice, 276 F.3d 478 (9th Cir.2001).

4    STATUTE OF LIMITATIONS

5    The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

6    after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

7    Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

8    (1997). The instant petition was filed on ????? , and thus, it is subject to the provisions of the

9    AEDPA.

10   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

11   petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244,

12   subdivision (d) reads:

13   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
14   The limitation period shall run from the latest of –

15   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
16   
17   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
18   
19   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
20   
21   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

22   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or
23   claim is pending shall not be counted toward any period of limitation under this subsection.
24   

25   In most cases, the limitation period begins running on the date that the petitioner's direct

26   review became final. In this case, Petitioner was convicted on March 29, 1999, and he did not

27   file a timely appeal. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty

28

5

(60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not timely file a notice of appeal his direct review concluded on May 28, 1999, sixty days after the time for filing an appeal expired. Thus, Petitioner had one year from May 28, 1999, in which to file his federal Petition for Writ of Habeas Corpus. See, Kelly, 127 F.3d at 784; see, also, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, Petitioner's present petition for writ of habeas corpus filed November 19, 2004, was filed after the statute of limitations expired and must be dismissed on that ground absent applicable statutory or equitable tolling.

In regard to statutory tolling, 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1/] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period does not, however, toll for the time during which a petition for Writ of Habeas Corpus is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001).

---

1. In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

In the present case, Petitioner's two post-conviction petitions for writ of habeas corpus were filed March 10, 2002, and January 22, 2004. Thus, Petitioner's first collateral challenge was filed nearly two years after the limitations period expired. Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Petitioner claims several bases for equitable tolling in this case, including ignorance of the law and the need to obtain the assistance of a jailhouse lawyer. The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause). Petitioner is only entitled to a reasonably adequate opportunity to present his claims to the courts,

see, Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996), not to the assistance of someone trained in the law. Id. at 356, 360.

Petitioner also claims that he is entitled to equitable tolling of the statute of limitations because he was subjected to lockdowns and a period of administrative segregation. Relatedly, he claims that he is entitled to equitable tolling for the period of time he was subjected to orientation and reception processing upon being received by the California Department of Corrections. Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations).

Finally, Petitioner claims that he is entitled to equitable tolling because trial counsel informed him that he was not entitled to file an appeal. The Ninth Circuit held that the miscalculation of the limitations period by a petitioner's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

Moreover, equitable tolling applies only where prisoner has diligently pursued claims, and has in some "extraordinary way" been prevented from asserting his rights. Thus, the court must consider petitioner's diligence in pursuing his claims. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107. In this case, Petitioner waited five months from the date of conviction to file his untimely notice of appeal, two and one-half years to bring his first state habeas corpus petition, and then twenty-one months to file his petition with the Court of Appeal. Under this factual scenario, the court simply cannot find that Petitioner diligently pursued his claims in this case. Based on this and the above, the court finds that Petitioner is not entitled to equitable tolling of the statute of limitations. As set forth above, Petitioner is also not entitled to statutory tolling. Accordingly, the court must

conclude that this action is barred by the statute of limitations.  Thus, any attempt by Petitioner to refile this action after exhausting his state judicial remedies would be futile. Accordingly, the petition will be dismissed with prejudice.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) This petition for writ of habeas corpus is DISMISSED with prejudice;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 2, 2006**              /s/  William M. Wunderlich
bl0dc4                                  UNITED STATES MAGISTRATE JUDGE